Nathaniel WILLIAMS, Petitioner—
Appellant,

v.

Claude E. FINN, Respondent—
Appellee.

No. 06–56161.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

Nathaniel Williams, Tracy, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

J. Conrad Schroeder, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM **

California state prisoner Nathaniel Williams appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition, challenging the Board of Prison Terms's ("the Board") 2002 decision denying him parole. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo, *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

■ Williams contends that his due process rights were violated because the Board's decision violated his plea agreement. We reject this contention because the record contains no evidence of the terms of any plea agreement. *Cf. Buckley v. Terhune,* 441 F.3d 688, 699 (9th Cir. 2006) (en banc) (holding that a federal habeas court may grant specific performance of a plea agreement in the face of evidence that the state has breached the terms of such an agreement).

■ Williams contends that the Board's reliance on a "special circumstances" allegation that was dismissed violated his protection against double jeopardy. We reject this contention because the Board's decision did not subject him to either a second criminal prosecution or to multiple punishments for the commitment offense. *See United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

■ We conclude that "some evidence" supports the Board's decision. *See Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). We reject Williams's contention that the Board's reliance on the nature of the commitment offense as justification for the denial of parole violated his right to due process, especially in light of the fact that the Board's decision was supported by other factors in the record. *See Irons v. Carey,* 505 F.3d 846, 852–54 (9th Cir.2007). Consequently, the California court's decision rejecting this contention was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.